```
           IN THE UNITED STATES DISTRICT COURT
                FOR THE DISTRICT OF KANSAS
```

**CHRISTOPHER PIERCE,**
                    Petitioner,

       v.                       CASE NO. 07-3253-SAC

**KAREN ROHLINGS,**
                    Respondent.

## O R D E R

This petition for writ of habeas corpus, 28 U.S.C. 2254, was filed by an inmate of the Larned Correctional Mental Health Facility, Larned Kansas. Mr. Pierce files another in a long line of actions claiming "over-detention," and seeking release from confinement on his 1993 Kansas convictions for aggravated robbery and kidnaping. In support of his claim, Mr. Pierce alleges he was granted parole in 2003 by the Oklahoma Pardon and Parole Board based on evidence he submitted of his innocence. That evidence apparently included his statement that he "was incarcerated in Douglas County-Omaha at the time of this alleged Kansas City Kansas crime." He further alleges that the "Douglas County-Omaha District Attorney Office" contacted the Kansas Department of Corrections (KDOC) and informed them he was incarcerated in Douglas County-Omaha at the time of the Kansas crime. He also claims the KDOC is maintaining false information on him, which they refuse to correct; and have not released him despite his having sent them proof of his innocence.

Pierce's claims of having been paroled while confined in

Oklahoma have been interpreted in prior actions as challenges to the execution of his sentence, treated as brought under 28 U.S.C. § 2241, and dismissed for failure to show exhaustion of state court remedies.  Petitioner again fails to allege exhaustion of any remedies in the state courts on these claims.

Petitioner's claim of proof of innocence of the crimes of which he was convicted in 1993 is a challenge to those convictions, properly raised under Section 2254.  However, Mr. Pierce has repeatedly been ordered by this court to show exhaustion of state court remedies on this claim, and has utterly failed to comply.  The court concludes plaintiff is either unwilling or unable to show exhaustion on these claims, and this action must be dismissed for failure to show exhaustion.  Moreover, if this action is accepted as a petition under 28 U.S.C. § 2254 challenging petitioner's 1993 convictions, it is successive.  Mr. Pierce has been repeatedly informed he may not proceed in this court on a successive 2254 petition without prior approval from the Tenth Circuit Court of Appeals.  In addition, Mr. Pierce has been barred by the Tenth Circuit from further challenges to his 1993 Kansas convictions without submitting a payment of $250 to the clerk of the court.  No such payment was submitted with this action.

**IT IS THEREFORE ORDERED** that petitioner's motion for leave to proceed in forma pauperis (Doc. 2) is denied as moot.

**IT IS FURTHER ORDERED** that this action is dismissed with prejudice and all relief denied, for the reasons stated herein.

**IT IS SO ORDERED.**

Dated this 29th day of October, 2007, at Topeka, Kansas.

                                          <u>s/Sam A. Crow</u>
                                          U. S. Senior District Judge